## EGG HARBOR BUILDING AND LOAN ASSOCIATION

*v.*

## CHARLES BAAKE et al.

[Decided February 16th, 1907.]

1. Since the right of a building association to impose fines against a defaulting stockholder is statutory, the legislature may control enforcements of fines, and *P. L. 1903 p. 473 § 43*, limiting the amount of fines that may be imposed against a defaulting stockholder, and section 56 (*p. 477*), providing that the provision shall apply to all associations, prevents a building association from imposing further fines, though the defaulting member's bond and mortgage were executed before the passage of the act.

2. The bond of a member of a building association did not provide for the payment of fines. The mortgage securing it recited that it conveyed real estate subject to the right of redemption on the member paying the principal sum, together with interest, monthly dues and fines, without referring to the by-laws of the association.—*Held*, that a decree foreclosing the mortgage could not include therein fines.

3. The by-law of a building association providing that every stockholder neglecting to pay his monthly dues, interest, &c., shall forfeit and pay the additional sum of two per cent. per month is ambiguous for failing to specify the principal sum on which the two per cent. is to be calculated, and will not be enforced.

On bill to foreclose. Hearing on order to show cause why final decree should not be opened and corrected as to amount due complainant.

*Mr. Ulysses G. Styron,* for the applicant.

*Mr. William M. Clevenger,* for the respondent.

BERGEN, V. C.

The complainant in this cause filed its bill of complaint against the defendants for the purpose of foreclosing a building and loan mortgage given to secure the principal sum of $3,000. The date of the bond, as well as the mortgage given to secure its

payment, is December 18th, 1902. No interest was paid after February, 1903, and the master reported as due the complainant the principal sum of $3,000, with interest from February 10th, 1903, to December 10th, 1906, making a total of $3,690, upon which report the decree complained of was made. It is admitted that after the foreclosure proceedings were instituted, and in March, 1906, the defendants paid to the solicitor of record $500 without, so far as appears, any application of the payment, where-upon the solicitor of the complainant paid the money to his client, who appropriated $442.04 in payment of fines which it had charged against the stock of the corporation held by the defend-ants and assigned to the complainant as a collateral to the pay-ment of the loan in the manner usually followed by building and loan associations, and $57.96 on account of monthly premiums due and unpaid on account of such stock. The defendants insist that such application was erroneous because the payment was made after the complainant had elected to consider the principal and interest of its mortgage due, and therefore the payment to the solicitor who was employed to enforce the collection of the principal and interest could only be applied towards the liquida-tion of the particular claim, the payment of which he was then enforcing by foreclosure proceedings. The defendants also insist that the complainant is not entitled to charge them with any fines, or if such right existed, it did not reach the extent claimed by the complainant. The method adopted by the complainant in charging fines was cumulative. The account began in April, 1903, at sixty-seven cents, and amounted in March, 1906, to $442.04. This result was reached by charging each month two per cent. on the total amount of the arrearage, each item of which making up the total having been previously charged a fine at the same rate.

'Passing for the present the question of the right of this com-plainant to charge any fines under its constitution and by-laws, it is perfectly clear that every fine charged after October, 1903, is erroneous, if the act of the legislature of this state concerning building and loan associations, approved April 8th, 1903 (*P. L. 1903 p. 457*), has any application. Section 43 of that act declares that

"if a member of any such association of the state, or doing business therein, shall fail, for six successive months, to pay his periodical installment, his membership in such association shall, at the option of the board of directors, thereupon cease and determine, *but in no case shall further fines or penalties be charged against his account.*"

It is urged on behalf of the complainant that as this bond and mortgage were executed before the act was approved it cannot affect this loan. Section 56 of the same act provides that its provisions relating to building and loan associations of this state shall apply to all such associations· organized under any law of this state, and manifestly includes, so far as the legislature had the power to do it, the complainant corporation. The right to impose fines against a defaulting stockholder is entirely statutory, and in its nature penal. In my opinion, the legislature has the right to control the enforcement of the penalty, and certainly a court of equity will not give aid to a penalty which the law-making power has discountenanced and from which it has withdrawn its support. Therefore this complainant was not entitled to charge fines for a longer period than six months after April 8th, 1903, and having applied defendants' payment in satisfaction of an unlawful claim, the decree which recognizes, through a mistake of the master, this erroneous application should be corrected.

These foreclosure proceedings are directed towards the collection of the principal sum of the bond, with interest. The bond does not provide for the payment of any fines, and a satisfaction of the bond, according to its condition, would not require the defendants to pay them. The mortgage, after reciting the bond, conveys the real estate, subject to the right of redemption if the defendants pay the principal sum

"on the day and time hereinbefore mentioned and appointed for the payment thereof, together with interest for the same, * * * and shall pay all monthly dues on stock, installments of premium, interest and fines."

The word "hereinbefore" manifestly refers to the bond as recited in the mortgage, for in no other place therein is there any time mentioned as the payday. While the word "fines"

appears in the proviso of the mortgage, there is nothing in the instrument which fixes their amount or authorizes their imposition, nor does the redemption clause in the mortgage refer to the by-laws or constitution of the complainant association, or undertake to make either of them a part of the obligation. The by-law on this subject, to which I shall refer, merely provides that shareholders shall pay fines for defaults. It does not declare that fines may be collected out of the proceeds of sale of property pledged to secure a loan made to the member in default, and is subject to the criticism made by Mr. Justice Dixon, speaking for the court of errors and appeals, in *Bowen* v. *Lincoln Building and Loan Association, 51 N. J. Eq.* (*6 Dick.*) *272, 280.*

After carefully considering the question whether the complainant is entitled, under its constitution and by-laws, to charge fines, I have reached the conclusion that the power does not exist. The only by-law of the complainant corporation on this subject is to be found under article 9, section 2, which reads as follows:

"Each and every stockholder, for neglecting to pay his monthly dues, interest, premium and other charges, shall forfeit and pay the additional sum of two per cent. per month."

This by-law establishes a forfeiture which must be strictly construed, and will not be aided by a liberal interpretation. It will be observed that it does not state upon what principal sum the two per cent. is to be calculated. The complainant interprets it to mean two per cent., not only upon the monthly dues, but upon the monthly total of all arrearages, upon the separate items of which the fines had been already levied, but we can, with equal propriety, read it to mean a fine to the extent of two per cent. per month upon the sum in default for the month, and not upon the aggregate sum of all defaults, and it would not be unreasonable to argue that under this by-law the penalty could be levied upon the principal sum of the debt, the expression "the additional sum of two per cent. per month" means a per centum charge upon some uncertain principal sum. · This by-law is so uncertain as to which item or items the forfeiture shall attach that it deserves no assistance from a court of equity, and in my judgment it is too ambiguous to afford any support to the

charges made by the complainant against the defendants' stock on account of fines.

As the complainant has made a misapplication of the sum of $442.04, I think the defendants are entitled to have it applied where they now demand it shall be, and where I am strongly inclined to believe, considering the circumstances under which it was paid, it was first intended to be applied, and that is towards the reduction of the interest due on the mortgage.

The final decree will be opened, permitting this correction to be made, and at the same time another objection to the decree, which the complainant admitted on the argument was well founded, can also be made.